IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAGE INJURY LAW, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) |
| | ) |
| YAN GOLDSHTEYN, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Page Injury Law, LLC ("PIL") files this action for Declaratory Judgment against Yan Goldshteyn ("Goldshteyn") as follows:

## Introduction

1.

Page Injury Law, LLC is forced to file this Complaint because Defendant has threatened to sue PIL for trademark infringement despite PIL not being liable for any such infringement.

## Subject Matter Jurisdiction

2.

This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Lanham Trademark Act of the United States, 15 U.S.C. §§ 1051-1127. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.

Sections 1331 (federal question jurisdiction).

## Parties

3.

Page Injury Law, LLC is incorporated under the laws of the State of Georgia with its principal place of business at 1640 Powers Ferry Rd SE, Building 23, Marietta, Georgia 30067.

4.

Yan Goldshteyn is as individual operating a business in California at 204 S. Beverly Dr., Suite 111, Beverly Hills, California 90212, where Defendant may be served with process.

## Personal Jurisdiction

5.

This Court has personal jurisdiction over Defendant because Defendant has transacted business in this state and has inflicted injury on Plaintiff in Georgia by sending its cease and desist letter there.

## Venue

6.

Venue is proper here under 28 U.S.C. Section 1391(b)(2) because a substantial part of the events giving rise to the action occurred in this judicial district.

## Trademarks at Issue

7.

Goldshteyn purports to own United States Trademark Registration Number 5449914 ("SPARTAN LAW") in association with "Legal services; Legal services, namely, providing customized documentation, information, counseling, advice and consultation services in all areas of business law, corporate law, and litigation matters" (the "Spartan Trademark"). A copy of the Spartan Trademark registration certificate is attached as Exhibit A.

8.

There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 because there is a dispute between PIL and Defendant as to whether PIL has infringed Defendant's Spartan Trademark and whether PIL can continue to sell its services without violating Defendant's trademark rights.

9.

On or about June 15, 2025, Defendant sent PIL an email demanding PIL cease and desist its services, claiming a breach of trademark. PIL responded to the message, informing Defendant that it intended to start using 844-SPARTAN as a trademark and the corresponding differences and distinctions in look, as well as associated services, clarifying that there is no likelihood of confusion between the marks (*see*, Exhibit B).

10.

However, on June 27, 2025, Defendant sent PIL another letter (*see*, Exhibit C hereto) in which it alleged PIL's use of its 844-SPARTAN mark ("844 Mark") infringes Defendant's Spartan Trademark. In its letter, Defendant demanded that PIL "remove all references to 'SPARTAN' from [Plaintiff's] website" and "remove all phone numbers, key words, hashtags, and the like referencing 'SPARTAN'".

11.

Plaintiff has not responded to PIL's June 27, 2025 letter and instead filed this action for Declaratory Relief after the requested response deadline of July 7, 2025.

12.

A justiciable controversy exists between PIL and Defendant as to whether PIL's 844 Mark is infringing Defendant's Spartan Mark.

13.

Specifically, Defendant does not have the rights it is purporting to have to the Spartan Mark, and further there is no likelihood of confusion.

14.

PIL is under a reasonable apprehension that Defendant will imminently file suit against it for allegedly infringing Defendant's Spartan Trademark.

15.

Absent a declaration of non-infringement, Defendant will continue to wrongfully allege PIL's 844 Mark infringes Defendant's Spartan Mark and thereby

cause PIL irreparable harm.

## COUNT I
## Unenforceability of Trademark

16.

PIL repeats and incorporates by reference into Count I paragraphs 1 through 15 above as if fully set forth herein.

17.

This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. § 1051 et seq. (the "Trademark Act"), and 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act). As an actual justiciable controversy exists by the way of the credible threat of immediate litigation and demand to cease and desist Plaintiff's services under use of its current name, Plaintiff seeks relief from the Court.

18.

Plaintiff requests an order declaring that the Defendant's alleged trademark for SPARTAN LAW, which was asserted by the Defendant, lacks the requisite legal requirements to be protectable on the Principal Register and to be enforceable.

## COUNT II
## Non-Infringement of Trademark

19.

PIL repeats and incorporates by reference into Count II paragraphs 1 through

15 above as if fully set forth herein.

20.

This is a declaratory judgment action under the Trademark Laws of the United States, 15 U.S.C. § 1051 et seq. (the "Trademark Act"), and 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act). As an actual justiciable controversy exists by the way of the credible threat of immediate litigation and demand to cease and desist Plaintiff's services under use of its current name, Plaintiff seeks relief from the Court.

21.

Plaintiff is entitled to declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing any allegedly enforceable trademark owned by Defendant relating to legal services.

### COUNT III
### Jury Demand

22.

Plaintiff demands a trial by jury for all issues so triable.

### Prayer for Relief

23.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

   A. A judgment that the Spartan Trademark is unenforceable;

   B. A judgment that Plaintiff has not infringed, and is not infringing, either

directly or indirectly, any valid and enforceable claim of the Spartan Trademark;

C. A judgment that Defendant and each of its officers, directors, agents, counsel, employees, and all other persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that Plaintiff infringes any claims of the Spartan Trademark against Plaintiff;

D. A judgment declaring Plaintiff as the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorney's fees, pursuant to 35 U.S.C. § 285;

E. A judgment that Defendant be ordered to pay all fees, expenses, and costs associated with this action; and

F. An award of such other and further relief as the Court deems just and proper.

Respectfully submitted this 9th day of July, 2025.

                                          **BEKIARES ELIEZER, LLP**

                                          */s/Melanie K. Lane*
                                          Kennington R. Groff
                                          GA Bar No.: 782901
                                          Melanie K. Lane
                                          GA Bar No.: 831941
                                          Robin Gentry

GA Bar No.: 289899
Zachary C. Eyster
GA Bar No.: 192335


BEKIARES ELIEZER, LLP
2870 Peachtree Rd. #512
Atlanta GA 30305
Telephone: 404.537.3686
kgroff@founderslegal.com
mlane@founderslegal.com
rgentry@founderslegal.com
zeyster@founderslegal.com