# Exhibit A

# United States of America
## United States Patent and Trademark Office

# SPARTAN LAW

**Reg. No. 5,449,914**

**Registered Apr. 17, 2018**

**Int. Cl.: 45**

**Service Mark**

**Principal Register**

Goldshteyn Yan (UNITED STATES INDIVIDUAL)
1026 N Curson Ave, #8
Los Angeles, CALIFORNIA 90046

CLASS 45: Legal services; Legal services, namely, providing customized documentation, information, counseling, advice and consultation services in all areas of business law, corporate law, and litigation matters

FIRST USE 11-30-2017; IN COMMERCE 11-30-2017

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "LAW"

SER. NO. 87-415,345, FILED 04-18-2017



Director of the United States
Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten  Years***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner  Address Forms available at** http://www.uspto.gov.

# Exhibit B



Melanie Lane <mlane@founderslegal.com>

## Fw: Cease and Desist

**Jonathan Page** <jonathan@844spartan.com>                                    Wed, Jul 9, 2025 at 5:25 AM
To: Melanie Lane <mlane@founderslegal.com>

██████████████████████████████████████

Get Outlook for iOS

**From:** Spartan Law <yan@spartanlawcorp.com>
**Sent:** Monday, June 23, 2025 5:37:07 PM
**To:** Jonathan Page <jonathan@844spartan.com>
**Cc:** David Rivas <david@844spartan.com>; Daniel Immerman <daniel@844spartan.com>; inprime-legal_pulse_
9384390290_ebbedd000e6725954e66__15312308@use1.mx.monday.com <inprime-legal_pulse_
9384390290_ebbedd000e6725954e66__15312308@use1.mx.monday.com>
**Subject:** Re: Cease and Desist

I mean no disrespect either, but here's something to consider:

My registration does include "Litigation matters" which broadly ecompasses all litigation, including personal injury.

Moreover, in your cited case *In re Trackmobile, Inc.*, 15 USPQ2d 1152 (TTAB 1990), the analysis of the law
states:
"services need not be identical or even competitive in order to support a finding of likelihood of confusion.  Rather, it is
enough that the services are related in some manner or that some circumstances surrounding their marketing are such
that they would be likely to be seen by the same persons under circumstances which could give rise, because of the
marks used or intended to be used therewith, to a mistaken belief that they originate from or are in some way associated
with the same producer or that there is an association 4 Serial No. 77797115 between the producers of each parties'
services.  In re Melville Corp., 18 USPQ2d 1386 (TTAB 1991).  Moreover, under the facts of this case, we note that the
more similar the marks, the less similar the goods or services need to be for the Board to find a likelihood of confusion.  In
re Opus One Inc., 60 USPQ2d 1812, 1815 (TTAB 2001).

Just want to warn you, that if you do your legal research, you will find that you are engaged in infringing conduct and the
law supports my position. Moreover, I have plently of proof that a likelihood of confusion is already happening.
Additionally, the attorneys fees will be awarded to the prevailing party in the suit.

Best regards,





### RISING STARS
Named top 2.5% of California Attorneys

The contents of this e-mail message, including any attachments, are intended only for the personal and confidential use of the recipient(s) named above, and may contain information that is privileged, confidential and protected from disclosure by applicable law  If you are **not the designated recipient,** you have received this communication in error and are hereby notified to **delete the message** and know that dissemination, distribution, copying, or use of the contents of this message and/or its attachments is strictly prohibited

**Responses to questions**  This email does not create an attorney client relationship and is not intended as legal advice; all communications are solely to evaluate your potential claims. Attorney only provides legal advice and representation to clients who have executed a written retainer agreement  Any quote provided for legal service(s) is valid for up to two (2) weeks

On Mon, Jun 23, 2025 at 8:30 AM Jonathan Page <jonathan@844spartan.com> wrote:

Yan,

This isn't intended to be disrespectful, but given your ongoing threat of litigation, I encourage you to revisit the relevant case law and USPTO guidelines regarding the scope of trademark protection.

Your assertion that your registration covers *all legal services* is simply incorrect. While your filing includes the term "Legal services" as a class heading under Class 45, the operative language is what follows:

> "Legal services; Legal services, namely, providing customized documentation, information, counseling, advice and consultation services in all areas of business law, corporate law, and litigation matters."

The use of "namely" in a trademark description is considered a **restrictive** term under USPTO rules. Specifically:

1. **"Legal services" (Class Heading)**
   This is a general heading for Class 45. It does not, by itself, confer protection across all legal practice areas.

2. **"Legal services, namely…" (Limiting Clause)**
   Under *TMEP § 1402.01*, the word "namely" limits protection to the specific services that follow it—in your case:

   - Business law

   - Corporate law

   - Litigation matters

You should familiarize yourself with these cases and the USPTO rules (detailed below). Your trademark does not cover legal services outside of these areas, such as personal injury, immigration, or family law. This principle is reinforced by decisions like *In re Trackmobile, Inc.*, 15 USPQ2d 1152 (TTAB 1990), which makes clear that the scope of protection is limited to the enumerated services after "namely."

We continue to stand by our position and will respond accordingly if this dispute escalates further.

**Legal Authority**

- **TMEP § 1402.01(a)**: "When the identification of goods or services includes wording that introduces examples with the word *'namely,'* only the goods or services that follow this word are considered to be included in the identification."

- **In re Trackmobile, Inc., 15 USPQ2d 1152 (TTAB 1990)**: Use of "namely" limits the identification to those services listed.

- **Morris v. Caster**, 729 F. Supp. 2d 1042 (W.D. Mo. 2010): Courts construe trademark protection in light of the actual services listed, not generalized headings.

Best, Jonathan

---

**From:** Spartan Law <yan@spartanlawcorp.com>
**Sent:** Monday, June 23, 2025 10:43 AM
**To:** Jonathan Page <jonathan@844spartan.com>
**Cc:** David Rivas <david@844spartan.com>; Daniel Immerman <daniel@844spartan.com>; inprime-legal_pulse_9384390290_ebbedd000e6725954e66__15312308@use1.mx.monday.com <inprime-legal_pulse_9384390290_ebbedd000e6725954e66__15312308@use1.mx.monday.com>
**Subject:** Re: Cease and Desist

Dear Mr. Page,

I do not have the time to spell out the federal trademark law for you, the lawyers will do it for me. However, please don't neglect that this is an International Class 45 filing and it states "Legal services; Legal services,"

Best regards,





Named top 2.5% of California Attorneys

The contents of this e mail message, including any attachments, are intended only for the personal and confidential use of the recipient(s) named above, and may contain information that is privileged, confidential and protected from disclosure by applicable law. If you are **not the designated recipient,** you have received this communication in error and are hereby notified to **delete the message** and know that dissemination, distribution, copying, or use of the contents of this message and/or its attachments is strictly prohibited.
**Responses to questions**  This email does not create an attorney client relationship and is not intended as legal advice; all communications are solely to evaluate your potential claims. Attorney only provides legal advice and representation to clients who have executed a written retainer agreement  Any quote provided for legal service(s) is valid for up to two (2) weeks

On Mon, Jun 23, 2025 at 6:35 AM Jonathan Page <jonathan@844spartan.com> wrote:
Dear Yan,
Thank you for your follow-up and for providing the chat transcript.

Let me address your assertion directly: your statement that *"the federal trademark covers all of legal services under the name Spartan"* is simply incorrect and has no basis in law or fact. Under well-established trademark law, the scope of protection is limited to the goods and services identified in the trademark registration itself. See *TMEP § 1402.01*; see also *Odom's Tenn. Pride Sausage, Inc. v. FF Acquisition, L.L.C.*, 600 F. Supp. 2d 1050 (E.D. Mo. 2009) ("A registration only confers exclusive rights to the use of the mark in connection with the goods or services listed in the registration.").

According to the USPTO, your registration (U.S. Reg. No. 5449914) covers "legal services in the fields of business law, corporate law, and litigation matters." It does not give you exclusive rights to the term "Spartan" across all of legal services, and certainly not in unrelated practice areas like personal injury.

You've also submitted a chat transcript as evidence of alleged confusion. We have investigated this and can confirm that our intake department has no record of any contact with Mr. Ismail Guler on June 19, 2025, or on any other date. We did not call, speak with, or solicit this individual in any manner. The transcript reflects that he visited your website and raised questions about immigration issues, including U visas and E-2 visas—services that your firm offers and that have nothing to do with our practice.

Importantly, the chat makes no reference to our firm name—"Spartan Law Group" or "844-SPARTAN." A single misdirected inquiry involving entirely different legal services does not constitute actual confusion under the Lanham Act. See *In re Majestic Distilling Co.*, 315 F.3d 1311 (Fed. Cir. 2003).

Moreover, as we previously stated, we are in the process of rebranding to "844-SPARTAN" and have filed a federal trademark application accordingly. This change further eliminates any theoretical risk of confusion.

While we are open to professional dialogue, we will not cease lawful use of our brand or be intimidated by inaccurate legal claims. Should you initiate litigation, please be advised that we will aggressively defend our position, and we reserve all rights to seek attorneys' fees under 15 U.S.C. § 1117(a) for pursuing a case lacking legal merit.

This response is made without waiver of any rights, all of which are expressly reserved.

Best, Jonathan

Get Outlook for Mac

**From:** Spartan Law <yan@spartanlawcorp.com>
**Date:** Monday, June 16, 2025 at 2:42 PM
**To:** Jonathan Page <jonathan@844spartan.com>
**Cc:** David Rivas <david@844spartan.com>, Daniel Immerman <daniel@844spartan.com>
**Subject:** Re: Cease and Desist

Dear Mr. Page,

Thank yourl for your response.

The federal trademark covers all of legal services under the name Spartan including but not limited to the practice areas mentioned.

I suggest immediate termination of your website and infringing conduct. We have lots of proof that there has already been much confusion in the marketplace as my firm has been contacted daily.

Should you not heed this warning, we will litigate this in federal court.

Regards,

Image removed by sender.

Image removed by sender. Brandon C. Hall Named &quot;Rising Star&quot; in 2016 by Chicago Magazine &amp; Illinois Super Lawyers

**Named top 2.5% of California Attorneys**

The contents of this e mail message, including any attachments, are intended only for the personal and confidential use of the recipient(s) named above, and may contain information that is privileged, confidential and protected from disclosure by applicable law. If you are **not the designated recipient,** you have received this communication in error and are hereby notified to **delete the message** and know that dissemination, distribution, copying, or use of the contents of this message and/or its attachments is strictly prohibited. **Responses to questions** This email does not create an attorney client relationship and is not intended as legal advice; all communications are solely to evaluate your potential claims. Attorney only provides legal advice and representation to clients who have executed a written retainer agreement Any quote provided for legal service(s) is valid for up to two (2) weeks

On Mon, Jun 16, 2025, 11:18 AM Jonathan Page <jonathan@844spartan.com> wrote:

> Good morning Yan,
> I hope this message finds you well.
> We are in receipt of your email regarding our use of the name "Spartan Law Group." You mentioned that you have a federal trademark for "Spartan Law." Upon searching the USPTO database, the only registered mark we were able to locate for legal services is U.S. Registration No. 5449914. That registration covers "business law, corporate law, and litigation matters." Can you please confirm if this is the mark to which you are referring?
> Based on our review of your website (spartanlawcorp.com), it appears your firm focuses primarily on immigration law. In contrast, our firm, Page Injury Law, LLC d/b/a 844-SPARTAN, exclusively handles personal injury matters. Because the services are not only in distinct legal fields but also marketed through different channels and to different audiences, we do not believe there is a likelihood of confusion. See *In re E.I. du Pont de Nemours & Co.*, 476 F.2d 1357 (C.C.P.A. 1973) (listing factors for determining likelihood of confusion, including similarity of services and trade channels).
> Moreover, the term "Spartan" is inherently suggestive or potentially geographically descriptive, and widely used across industries, including in legal branding. As such, enforcement of exclusive rights in the term "Spartan Law" would likely be narrow in scope unless the mark has acquired strong secondary meaning in a specific context. Given that our services are not in competition, and there's no evidence of actual confusion, we believe our concurrent use is appropriate under the Lanham Act.
> Additionally, we are in the process of rebranding our consumer-facing brand from "Spartan Law Group" to "844-SPARTAN," and have filed a federal trademark application for that new brand. We believe this shift further distinguishes our identity in the marketplace. If you have specific concerns with the 844-SPARTAN designation, we're happy to consider them.
> We are committed to avoiding consumer confusion and resolving this amicably. Please let us know your thoughts.
> Best regards,
> Jonathan Page
> Managing Attorney
> Page Injury Law, LLC d/b/a 844-SPARTAN
>
> ---
>
> **From:** Spartan Law <yan@spartanlawcorp.com>
> **Sent:** Sunday, June 15, 2025 6:12 PM
> **To:** Cynthia Eugene <cynthia@844spartan.com>
> **Subject:** Cease and Desist
>
> To Spartan law representatives:
>
> This email serves as the final notice to immediately cease and desist from infringing upon a federal trademark of Spartan Law. We continue to receive multiple correspondence

regarding cases out of the east coast causing confusion in regards to firm representation.

We will pursue legal action and damages to our reputation if the website is not shut down and no steps are taken to prevent future infringement.

You've been warned.

Respectfully,

Image removed by sender.

Image removed by sender. Brandon C. Hall Named &quot;Rising Star&quot; in 2016 by Chicago Magazine &amp; Illinois Super Lawyers

Named top 2.5% of California Attorneys

The contents of this e-mail message, including any attachments, are intended only for the personal and confidential use of the recipient(s) named above, and may contain information that is privileged, confidential and protected from disclosure by applicable law. If you are **not the designated recipient,** you have received this communication in error and are hereby notified to **delete the message** and know that dissemination, distribution, copying, or use of the contents of this message and/or its attachments is strictly prohibited.
**Responses to questions**  This email does not create an attorney client relationship and is not intended as legal advice; all communications are solely to evaluate your potential claims. Attorney only provides legal advice and representation to clients who have executed a written retainer agreement  Any quote provided for legal service(s) is valid for up to two (2) weeks

# Exhibit C



**Nadia Gueorguieva Semerdjieva**
**At Law**
Phone: 714-717-0387
E-Mail: nsemerdjieva@ndlawpolicy.com

# Unauthorized Use of Trademark
# Cease and Desist Letter

Friday, June 27, 2025

**Spartan Law**
**844-Spartan**
**Law Group**

**Via Email**

jonathan@844spartan.com; david@844spartan.com; daniel@844spartan.com

**Re: Trademark Infringement: Spartan Law, Registration Number: 5449914**

Dear Spartan Law Group, 844-Spartan,

This Law firm represents Yan Goldshteyn in its intellectual property matters. Yan Goldshteyn owns the trademark Spartan Law including federal trademark registration for Spartan Law **5449914** which has been used for many years and is now even registered as an incontestable trademark. Yan Goldshteyn has used its Spartan Law trademark for years in connection with its legal services and the likes and has achieved a high level of consumer recognition as the result of the many iconic and well-known legal and litigation services that have been created and sold under the Spartan Law trademark. Yan Goldshteyn's trademark rights in the Spartan Law trademark are very strong and recognized by consumers as signifying a certain level of quality.

It has come to our attention that you are using "Spartan law" as part of your website address, https://spartanlawgroup.com/ , and "Spartan" as part of your emails, on social media channels, and perhaps other places. Examples of such infringing use are attached to this letter. Such unauthorized use is not only likely to cause confusion and mistake and mislead consumers into believing your goods and services are sponsored by, officially sanctioned by, or associated with Spartan Law or Yan Goldshteyn, to the detriment of our clients, there has already been some confusion indeed. Some examples of such confusion are also attached.

Your unauthorized use of the Spartan trademark constitutes—at a minimum—federal trademark infringement, false advertising and unfair competition under Section 43(a) of the Lanham Act, 15

U.S.C. § 1125(a) (the "Lanham Act") which carries a penalty of up to $30,000 and if willful disregard and/or malicious intent is shown, said penalty can reach up to $250,000.

In your specific situation, willful disregard can easily be shown as Mr. Yan of Spartan Law has previously contacted you and has previously brought to your attention the gravity of the situation to which you responded with extreme disregard, claimed to have filled a trademark registration with the USPTO of your own, and continued to infringe upon Yan Goldshteyn's trademark. Reviewing your USPTO application SN 99235793, it appears that you have just filled it on June 16, 2025, **AFTER** Yan Goldshteyn from Spartan Law contacted you on June 15, 2025 to inform you of this issue and the already existing confusion in the marketplace. In your email, it was stated that you are in the **process of rebranding** to 844-Spartan (in other words, this is not even something you have been using for a significant amount of time) – being now aware of the issue, it might be wise, and legally appropriate, to "rebrand" using a different term instead of infringing upon an already established market for Yan Goldshteyn's Spartan Law trademark.

At this time, Yan Goldshteyn of Spartan Law is seeking to resolve this matter amicably, and to offer you the opportunity to cover the period of unlicensed use, keeping in mind the federal penalties that would surely be imposed of at least $30,000 and up to $250,000, given the disregard shown via your responses to Yan Goldshteyn's emails. Please note that removal of the use of the trademark without the payment and satisfaction of the enclosed invoice does not resolve the matter or negate the unlicensed usage.

As owner of the Spartan Law trademark, Yan Goldshteyn of Spartan Law has the obligation to prevent the use of identical and confusingly similar marks. To avoid confusion in the marketplace, and since you have been already using Yan Goldshteyn's trademark without authorization, Yan Goldshteyn requests that you agree to and immediately take the following steps:

1. Remove all references to "Spartan" from your website and websites associated with your products and services where you have referenced "Spartan"; and

2. Remove all phone numbers, key words, hashtags, and the like referencing "Spartan"; and

3. Agree in writing to refrain from using or referencing Yan Goldshteyn's trademark, or the use of the word "Spartan" in association of any legal matter, in any manner going forward; and

4. Agree in writing to refrain from expressly or implicitly stating that there is any relationship between Spartan Law and yourself; and

5. Submit $30,000 payment by 7/16/2025 as per the attached Invoice due to the prior unauthorized use of the Spartan trademark. More details in the enclosed "Invoice".

We ask that you sign and return a copy of this letter to us no later than **July 7th, 2025,** to indicate your agreement and compliance with the above requests. An original signature below shall include further agreement not to assist or induce any other person or entity to engage in such conduct. If we do not receive a favorable response within this deadline, Yan Goldshteyn will be required to consider further action to protect its valuable rights.

We plan to monitor this situation closely and look forward to your cooperation in protecting Yan Goldshteyn's intellectual property rights. This letter is made without prejudice to any other rights or remedies that may be available to Yan Goldshteyn. Nothing contained herein should be deemed a waiver, admission, or license by Yan Goldshteyn and Yan Goldshteyn expressly reserves the right

to assert any other factual or legal position as additional facts come to light, or as the circumstances warrant.

Should you have any questions, feel free to reach me at nsemerdjieva@ndlawpolicy.com or to call me directly at 714-717-0387.

Thank you for your time, co-operation, and professional courtesy!

Sincerely,

_____

Nadia Gueorguieva Semerdjieva,

Attorney for Yan Goldshteyn of Spartan Law

**Confusion Evidence – the below are just a few instances that have been mistakenly sent to my client instead**

**Visitor:** Hi I have been trying to contact my attorney for my case but it has been very unsuccessful

**Emma:** We may be able to help you with that. May I ask your name?

**Visitor:** 912-689-7692 JoQueta.n.nixon@gmail.com

**Emma:** Thank you for providing your contact information. Would you mind if I ask your name?

**Visitor:** JoQueta Nixon

**Emma:** Would you be an existing client of Spartan Law Corporation?

**Visitor:** Yes

Medical Lien

# MEDICAL LIEN

**Law Office of:** Spartan Law

427 N Canon Dr, Beverly Hills, CA, 90210

Tel: (310) 363-0240
Fax: (    )

**Rancho Open MRI Medical Corp**
**9373 Haven Ave #150**
**Rancho Cucamonga, CA 91730**

**Phone: (909) 476-4474**
**Fax: (909) 476-7363**

## Regarding: Medical Treatment & Lien      ☑ **MRI**      **X-Ray**

I, hereby authorize the above doctor, provider to furnish you, my attorney, with a full report of his examination and diagnosis, treatment, prognosis, etc., of myself in regards to the accident in which I was involved.


Rancho Open MRI
Medical Corp

9373 Haven Ave Suite 150
Rancho Cucamonga, CA 91730
Tel (909) 476-4474 Fax (909) 476-7363

*PATIENT:*           MEJIA QUEZADA, MARIO ERNESTO
*DOB:*                09/26/1989
*PATIENT NUMBER:*  ROM45558
*PHYSICIAN:*         MICHAEL GYPE PAC
*DATE:*               06/24/2025

### MAGNETIC RESONANCE IMAGING OF THE CERVICAL SPINE

### HISTORY

MVA doi-04/28/2025 pt c/o pain in neck since doi.

### TECHNIQUE

The following imaging sequences were acquired on a Hitachi Airis Elite High Performance Open MRI:
sagittal T1, sagittal T2, coronal STIR, axial fast spine echo T2 and axial gradient echo T2* images of the

AWCORP.COM

 SimonMed
*See Tomorrow Today*

# SimonMed Lien Document

Patient Name:_____    **DOB:**___/___/____ Date of Injury:___/___/_____

Attorney Name:_____    Firm Name: _____

Address:_____City:_____State:____Zip Code: _____

Phone:_____    Fax:_____    Email:_____

Auto Insurance Company:_____    Adjuster's Name: _____

Policy #:_____    Claim #: _____

Phone:_____    Fax:_____    Email: _____

I authorize the release of all my protected health information in SimonMed Imaging's possession, including reports, images, billing records, to my attorney. I hereby release SimonMed Imaging and your employees from any and all liability for fulfilling the authorization request for release of medical information. I understand it is possible that the ~~rmation in my medical records may be disclosed by the recipient to other parties. This consent will expire when the~~

lawcorp.com

June 24, 2025

**Spartan Law**
Via Email: YAN@SPARTANLAWCORP.COM

## RE:  Auto Accident of June 12, 2025

To whom it may concern:

I, DeCarlos Thomas Jr., no longer wish for your representation for my auto accident on June 12, 2025.  Please mail me a copy of my file to:

DeCarlos Thomas Jr.
c/o Stepleton Law, LLC
7162 Reading Road, Suite #250
Cincinnati, OH 45237

June 24, 2025

**Spartan Law**
Via Email: YAN@SPARTANLAWCORP.COM

### RE: Auto Accident of June 12, 2025

To whom it may concern:

I, Markhia Chambers., no longer wish for your representation for my auto accident on June 12, 2025.  Please mail me a copy of my file to:

Markhia Chambers
c/o Stepleton Law, LLC
7162 Reading Road, Suite #250
Cincinnati, OH 45237

## Chat Transcript

Search Engine:GOOGLE

Current Page:https://spartanlawcorp.com/

**System:** THE VISITOR IS USING A MOBILE DEVICE.

**Michelle:** Hi, I am Michelle. How may I assist you?

**Michelle:** I can see you are still typing, please take your time.

**Visitor:** Hi, is there a way for me to verify that Cynthia, email cynthia@844spartan.com is a legitimate attorney working with your firm?

**Unauthorized Use Evidence Report and Invoice**

# Spartan Law Group
jonathan@844spartan.com; david@844spartan.com; daniel@844spartan.com

**Unauthorized use**:

| Capture Page URL | Capture Image URL | Capture Timestamp |
|---|---|---|
| https://spartanlawgroup.com/ | | 07/27/2025 |

https://spartanlawgroup.com



# Lawyers

Were you injured due to someone else's negligence or wrongdoing? If so, contact Spartan Car Accident & Personal Injury Lawyers for skilled legal assistance. We will fight for the compensation you deserve for medical bills, lost income, pain and suffering, and more.



SERVING CLIENTS NATIONWIDE

# Why Choose Spartan Car Accident & Personal Injury Lawyers To Handle My Personal Injury Claim?



WE SERVE IN TENNESSEE, ALABAMA, TEXAS, OHIO, GEORGIA AND ILLINOIS

TOLL FREE **(844) SPARTAN** • LOCAL **(844) 772-7826**

way

At Spartan Car Accident & Personal Injury Lawyers, building strong relationships with our clients is the bedrock of our practice. We treat every single client as if they were our only client. We understand that having to go through the ordeal of a personal injury case is stressful and frustrating. However you may be feeling about your claim, we're committed to providing you with compassionate legal support.

WE SERVE IN TENNESSEE, ALABAMA, TEXAS, OHIO, GEORGIA AND ILLINOIS

TOLL FREE **(844) SPARTAN** • LOCAL **(844) 772-7826**

However, with Spartan Car Accident & Personal Injury Lawyers by your side, you don't have to handle these complexities alone.

WE SERVE IN TENNESSEE, ALABAMA, TEXAS, OHIO, GEORGIA AND ILLINOIS

TOLL FREE **(844) SPARTAN** • LOCAL **(844) 772-7826**



# No Win, No Fee. Guaranteed.

At Spartan Car Accident & Personal Injury Lawyers, we represent clients on a contingency fee basis. That means you can hire us at no upfront cost. Additionally, we only receive attorney's fees if we secure a favorable result for you.

→  C          ○  🔒  https://spartanlawgroup.com

## WE SERVE IN TENNESSEE, ALABAMA, T

### TOLL FREE (844) SPARTAN



# About Us

Spartan Car Accident & Personal Injury Lawyers is a premier personal injury law firm in Atlanta, Georgia. Our attorneys have over 75 years of combined experience. We have recovered over $250 million for our clients and will fight for maximum compensation for you.

- LOCAL (844) 772-7826

☰

# Areas We Serve

The personal injury lawyers of Spartan Car Accident & Personal Injury Lawyers serve injured clients throughout Atlanta and Jonesboro, Georgia and their surrounding localities, including Kennesaw, Lawrenceville, Marietta, Duluth, Riverdale, Forest Park, Stockbridge, and Fayetteville.

© 2025 - Spartan Car Accident & Personal Injury Lawyers. All Rights Reserved    Disclaimer    Privacy Policy    Sitemap    Atlanta

**Original and Registered Trademark:**

Owner:                 Yan Goldshteyn

Marks Registered:          Spartan Law®

Registration Details:      **5449914**


| **Invoice No** | Invoice Date | Due | Trademark Owner |
|---|---|---|---|
| 2355 | 07/27/2025 | 07/16/2025 | Yan Goldshteyn |

Trademark Reg.: **5449914**


**Payment Information:**

    Payments shall be made to Chase Bank IOLTA account as follows:
        Wire transfers:
            Bank name:          JP Morgan Chase
            Bank address:       270 Park Ave. New York, NY 10017
            Routing number:     021000021
            Account number:     283650171
            Account name:       Nadejda Gueorguieva Semerdjieva, At Law
            Bank identification code/
            SWIFT Code: CHASUS33
        In branch deposit check:
            Nadejda Gueorguieva Semerdjieva, At Law
            IOLTA Account:      283650171