IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

PAGE INJURY LAW, LLC,

    Plaintiff,

vs.

YAN GOLDSHTEYN,

    Defendant

Civ. No. 1:25-cv-03797-ELR

DEFENDANT'S MOTION TO STAY

**Defendant's Motion to Stay**

Defendant, Yan Goldshteyn, respectfully requests that this Court stay all proceedings in this case until the United States Patent and Trademark Office (USPTO) has issued an opinion between the similarities of Plaintiff's mark 844-SPARTAN, SN 99235793, and Defendant's mark SPARTAN LAW, RN 5449914. As of August 29, 2025, the USPTO has issued a Letter of Protest Memorandum to the examining attorney of Plaintiff's trademark application. Defendant requests that this stay include, but not be limited to, a suspension of all discovery and of the

deadlines for all filings including answer to complaint, further pleadings, and conducting pretrial or scheduling conferences.

As of this day, Plaintiff has not responded to Defendant's communication sent on August 19, 2025, regarding filing this Motion to Stay. As per the filed Complaint, Plaintiff's attorneys have been contacted as follows: Attorney Kennington R. Groff via email at kgroff@founderslegal.com; Attorney Melanie K. Lane via email at mlane@founderslegal.com; Attorney Robin Gentry via email at rgentry@founderslegal.com; and Attorney Zachary C. Eyster via email at zeyster@founderslegal.com.

## Procedural History

On April 18, 2017, Yan Goldshteyn filed a trademark application with the USPTO for his mark SPARTAN LAW.

On April 17, 2018, Yan Goldshteyn's SPARTAN LAW mark was registered with the USPTO with registration number 5449914.

On November 1st, 2023, USPTO issued a Notice of Acceptance Acknowledgement of section 8 and 15 for Yan Goldshteyn's SPARTAN LAW mark. As such, Yan Goldshteyn's SPARTAN LAW mark is now, and has been since November 1st, 2023, incontestable.

On June 15, 2025, Defendant sent Plaintiff the last in a series of personally emailed cease and desist requests to cease and desist the infringing use of Defendant's federally registered trademark. At the time, Plaintiff was, and had been, using "SPARTAN LAW" in direct violation of Defendant's federally registered trademark.

On June 16, 2025, Plaintiff filed a trademark application for 844-SPARTAN, SN 99235793.

On June 17, 2025, Plaintiff responded that they are "rebranding" and will be using 844-SPARTAN instead and that they have filed their own trademark application with the USPTO for the 844-SPARTAN mark.

On June 28, 2025, Attorney for Defendant sent a cease and desist to Plaintiff making them aware of *actual* consumer confusion.

On July 2, 2025, Plaintiff responding stating that they are "in the process of engaging IP counsel this week. Once engaged, [they] will respond".

On July 9, 2025, Page Injury Law, LLC filed an action for Declaratory Judgment against Yan Goldshteyn.

On August 29, 2025, the USPTO's Attorney Advisor from the Office of the Deputy Commissioner for Trademark Examination Policy issued a

DEFENDANT'S MOTION TO STAY

Letter of Protest Memorandum to the Examining Attorney of Plaintiff's trademark application stating that it has been determined that there is evidence relevant to ground for refusing registration of Plaintiff's trademark application based on likelihood of confusion under Trademark Act Section 2(d) with Defendant's registered mark, Exhibit 1

## Argument

A court has broad discretion to stay proceedings, founded in its inherent power to control its docket. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). When deciding whether to grant a stay, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete, and a trial date has been set. *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008).

Here, all factors weigh in favor of granting the stay. Not only would a stay *not* prejudice or disadvantage Plaintiff, it would promote judicial economy and efficiency by streamlining the issues in question. Finally, it would reduce the burden of litigation on all parties and the Court.

DEFENDANT'S MOTION TO STAY

**I.      A stay will not unduly prejudice or disadvantage Plaintiff.**

Plaintiff will not suffer prejudice or disadvantage if the stay is granted. In fact, the stay will be beneficial to Plaintiff.

**II.     A stay will simplify the issues in question and streamline the trial.**

A stay pending an opinion issued by the USPTO, while it might not dispose of all questions, would narrow the issues pending and assist in the determination of the issues.

**III.    A stay will reduce the burden of litigation and promote judicial economy.**

Yan Goldshteyn submits that it would reduce the burden of litigation on the parties and conserve judicial resources to allow the USPTO's determination regarding the similarities between the two marks to be completed prior to continuing the case in this court. Additionally, Yan Goldshteyn submits that the most efficient way to proceed in this Court is with the full benefit of any opinions issued by the USPTO on the issue. Otherwise, this Court and parties may invest significant resources into this action only to find that the USPTO has made a determination.

The principles of judicial economy favor the staying of these proceedings pending the issuance of the USPTO opinion on the matter at

hand. It will reduce the burden and expenses of all parties involved, it will conserve judicial resources, and will streamline the issues and questions thereby reducing the burden for litigation. This factor weighs in favor of granting the stay.

### IV. This case is in the early stages of litigation.

Litigation is still at an early stage. Defendant is yet to file an Answer and no discovery has been initiated. In light of the early stage of litigation in this Court, it makes sense to stay this case until the USPTO has issued an opinion on the likelihood of confusion of these two marks. Additionally, as shown above, a stay at this stage would maintain the status quo.

This factor weighs in favor of granting the stay.

### Conclusion

In order to preserve judicial and party resources, and to promote the most efficient resolution of this case, Defendant Yan Goldshteyn asks this Court to stay all proceedings, including, but not limited to, a suspension of all discovery and of the deadlines for filing further pleadings and conducting pretrial or scheduling conferences, until the USPTO has issued its opinion on the likelihood of confusion between the two marks at hand.

Respectfully submitted this 11th day of September, 2025.

_____
Yan Goldshteyn
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DEFENDANT'S MOTION TO STAY

# Exhibit 1

**Letter Of Protest (LOP) Memorandum**

**Date:**  August 29, 2025

**To:**  Examining Attorney -

**From:**  Kathleen Kolacz
Attorney Advisor
Office of the Deputy Commissioner for Trademark Examination Policy

**Subject:**  Letter of protest concerning U.S. Application Serial No. 99235793 for the mark 844-SPARTAN

Upon consideration of a letter of protest filed before publication of this mark, it has been determined that some of the evidence is relevant to the following ground for refusal:

Likelihood of confusion under Trademark Act Section 2(d) with:

- U.S. Registration No. 5449914 for the mark SPARTAN LAW

U.S. Registration No. 5449914 is available in the XSearch database for your consideration. Please review the registration and determine whether to issue a refusal or make a requirement. 37 C.F.R. §2.149(d)(1); TMEP §1715.02.

*NOTE*: The consideration of a letter of protest filed before publication is not a legal determination by the USPTO of registrability, nor is it meant to compromise the integrity of the ex parte examination process. It merely serves to bring the submitted evidence to the attention of the examining attorney, who determines whether a refusal or requirement should be raised or ultimately made final. *See* 37 C.F.R. §2.149(d)(1).

DEFENDANT'S MOTION TO STAY

## Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on September 11, 2025.

*[signature]*

Yan Goldshteyn
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DEFENDANT'S MOTION TO STAY

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of September, 2025, a copy of the foregoing Defendant's Motion to Stay was filed via mail and served via first class mail to:

BEKIARES ELIEZER, LLP
Attention: Kennington R. Groff
Melanie K. Lane
Zachary C. Eyster
2870 Peachtree Rd. #512
Atlanta GA  30305

Respectfully Submitted,

_____
Yan Goldshteyn
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DEFENDANT'S MOTION TO STAY



**PRIORITY MAIL POSTAGE REQUIRED**



- Expected delivery date specified for domestic use.
- Domestic shipments include $100 of insura
- USPS Tracking® service included for dome:
- Limited international insurance.**
- When used internationally, a customs decla

*Insurance does not cover certain items. For details rega Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com fo

## SHIPPING ENVELO
FOR DOMESTIC AND INTERNATION

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ▪ INSUR**



PS00000133100
EP14 December 2024
OD: 15 x 11.625

---

UNITED STATES POSTAL SERVICE. | Retail

P | US POSTAGE PAID $15.70 | Origin: 91304 09/11/25 0512420131-60

PRIORITY MAIL®

0 Lb 2.80 Oz
RDC 03

EXPECTED DELIVERY DAY: 09/15/25

C039

SHIP TO:
75 TED TURNER DR SW
ATLANTA GA 30303-3315



USPS TRACKING® #

9505 5152 6718 5254 7878 55



---

FROM: Yan Goldshteyn
427 N Canon Dr., Ste 212
Beverly Hills, CA 90210



CLEARED DATE
SEP 15 2025
U.S. Marshals Service
Atlanta, GA 30303

TO:
U.S. Courthouse Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE



**UNITED STATES POSTAL SERVICE**® | **PRIORITY**® **MAIL**

**SHIPPING ENVELOPE**
FOR DOMESTIC AND INTERNATIONAL USE

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

**TRACKED ▪ INSURED**



PS00000133100      EP14 December 2024
                   OD: 15 x 11.625

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 4 lbs.