IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAGE INJURY LAW, LLC,        ) | |
|                                           ) | |
|         Plaintiff,                   ) | |
|                                           ) | Case No.: 1:25-cv-03797-ELR |
| v.                                           ) | |
|                                           ) | |
| YAN GOLDSHTEYN,            ) | |
|                                           ) | |
|        Defendant.                 ) | |
| _____ ) | |

**PLAINTIFF PAGE INJURY LAW LLC'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**

Plaintiff Page Injury Law, LLC ("Plaintiff" or "Page Injury") responds in opposition to the Motion to Stay (the "Motion"), ECF 8, filed by Defendant Yan Goldshteyn ("Defendant" or "Goldshteyn").

## I.   **INTRODUCTION**

Goldshteyn is in default. Goldshteyn has not moved to set aside the default. Thus, the Court should deny Goldshteyn's motion as untimely and improper. Even if Goldshteyn's Motion were timely and proper, which it is not, the Court should deny the motion because an examination of the relevant factors the courts must analysis to determine whether to grant a stay weighs against granting a stay in this case. Accordingly, Page Injury requests the Court deny Goldshteyn's Motion.

1

## II.  FACTUAL BACKGROUND

On July 9, 2025, Page Injury filed its Complaint initiating the present action. ECF 1. Goldshteyn's Answer was due on or before September 3, 2025. Goldshteyn failed to file his Answer or otherwise respond by September 3, 2025. *See generally* Docket. The Clerk entered a default on September 11, 2025. *See* Exhibit 1. Rather than moving to set aside the default or providing any explanation for his failure to file an Answer, Goldshteyn, who is an attorney and not, presumably a legal ingenue, filed his untimely Motion on September 15, 2025, twelve (12) days after his Answer was due. ECF 8.

In a transparent effort to prejudice this Court against Page Injury, Goldshteyn claims that "Plaintiff has not responded to Defendant's communication sent on August 19, 2025, regarding this Motion to Stay." Dkt. 8 at 3.[1] Goldshteyn is incorrect, and his statement is, either a gross oversight or a lie. Page Injury's counsel responded on August 29, 2025 stating that "our client does not consent to a stay" but inviting Goldshteyn's counsel to provide any authority that it believed would show that a stay was mandated in this case. *See* Exhibit 2. Goldshteyn did not provide any such authority either in response to Plaintiff's request or in his Motion.

## III.  ARGUMENT

The Court should deny Goldshteyn's Motion for at least two, independent

---

[1] Page numbers refer to the Court's filing header.

2

reasons.

First, Goldshteyn's Motion is untimely and procedurally improper because Goldshteyn is in default. Goldshteyn has not moved to open the default. Moreover, the Motion to Stay is flatly inapposite and required to be denied.

Second, even if Goldshteyn were not in default, the relevant factors weigh against granting a stay in this matter. Page Injury discusses each issue in turn.

### A. Defendant's Motion Is Untimely and Procedurally Improper

Goldshteyn's Answer in this proceeding was due on or before September 3, 2025. When Goldshteyn failed to file an Answer by this date, the Clerk entered a default against Goldshteyn. S*ee* Exhibit 1. Since the Clerk's entry of default Goldshteyn has not: (1) filed an Answer or a Motion pursuant to Federal Rule of Civil Procedure 12(b) that would moved alter Goldshteyn's time to file an Answer; (2) asked this Court to set aside the default; or (3) otherwise attempted to explain why he failed to timely Answer. Goldshteyn's default precludes the filing of Goldshteyn's Motion, and the Motion should be denied for this reason alone.

### B. The Relevant Factors Weigh Against Granting a Stay

Even if the Goldshteyn's Motion were timely and procedurally proper, the relevant factors weigh against granting a stay in this case. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55. The party seeking a stay must demonstrate "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to [another party]." *Id.* at 255. Accordingly, when deciding whether to grant a stay, courts generally consider the following factors: (1) undue prejudice or disadvantage to the non-moving party; (2) a stay's potential to simplify the issues in the case; and (3) judicial economy, signified by the stage of the litigation. *See, e.g.*, *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008).

Each of these factors weigh against granting a stay in this case.

### 1. **_Plaintiff Would Be Unduly Prejudiced and Disadvantaged by a Stay_**

First, Page Injury will be unduly prejudiced if this Court grants the requested stay.

Goldshteyn has demanded Page Injury take actions that would devastate its business. Goldshteyn has threatened Page Injury with an infringement suit and demanded Page Injury change the mark under which Plaintiff offers its services, and change the phone number by which potential clients can contact Page Injury to engage Page Injury for services. All of these actions would be extremely detrimental to Plaintiff's business.

4

No doubt Goldshteyn will also claim that Page Injury's alleged trademark infringement is willful and that Goldshteyn should be entitled to substantial damages in this case. A stay would force Page Injury to choose to risk an adverse ruling or rebranding, despite believing that it does not infringe Goldshteyn's trademark.

In the face of Goldshteyn's demands, Page Injury sought declaratory relief in order to receive a binding and prompt declaration of its rights in its mark. "Whether a litigant is seeking to halt an alleged infringement or, as in this case, seeking a declaration of non-infringement, it is entitled to have the infringement issue resolved promptly so that it may conduct its business affairs in accordance with the court's determination of its rights." *Goya Foods, Inc. v. Tropicana Prods., Inc.*, 846 F.2d 848, 854 (2d Cir. 1988) (declining to delay consideration of the claim of a party seeking declaratory judgment pending the outcome of a USPTO proceeding because it would undercut the purpose of declaratory relief).

Goldshteyn's claim that a stay will be beneficial to Page Injury is not only unsupported and unexplained, it is also wrong.

Conversely, the impact on Goldshteyn of proceeding with the action is negligible. Indeed, Goldshteyn fails to allege any hardships or inequities he would face if required to proceed with the case.

In fact, *Goldshteyn* is the party that put into motion the circumstances leading to Page Injury's filing suit. Specifically, Goldshteyn initiated the threat against Page

5

Injury when it sent cease and desist letters regarding Page Injury's alleged trademark infringement. These letters left Page Injury at risk of prosecution by Goldshteyn. Thus, there is more than "a fair possibility that the stay for which [Defendant] prays will work damage to [Plaintiff]"; however, Goldshteyn has not demonstrated "a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Accordingly, this factor weighs against granting a stay in this matter.

### 2. *A Stay Would Not Simplify the Issues in This Case*

Goldshteyn claims that a stay pending the Examining Attorney's review of Page Injury's application will simplify the issues in this case. To the contrary, that decision will have no bearing on the issues in this case.

First and foremost, it is well settled that USPTO decisions are not binding on district courts. *See, e.g.*, *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 950 F.3d 776, 789 n.9 (11th Cir. 2020) ("The federal courts have been unanimous, however, in holding that we are not *bound* by the PTO's confusingly-similar analysis."); *PlayNation Play Sys., Inc. v. Velex Corp.*, 924 F.3d 1159, 1169 (11th Cir. 2019) (finding that a district court deciding a trademark infringement action is not bound by, nor ought to be persuaded by, a USPTO decision on registration).

Further, the Examining Attorney's determination of registrability of Page Injury's mark is not dispositive of registrability or the issue of infringement. An applicant has multiple opportunities to challenge an Examining Attorney's adverse

6

determination on the registrability of its mark and potentially overcome the objection. *See* 37 C.F.R. §§ 2.61, 2.63 (2025) (outlining the process for examiner's review of an application and applicant's options for responding to and appealing an examiner's decision).

More importantly, an Examining Attorney's determination of the registrability of a mark entails a drastically different analysis than that involved in determining infringement issues. An Examining Attorney is largely required to review only the four corners of the application in making a registrability determination. *See, e.g.*, *Octocom Sys., Inc. v. Hou. Comput. Servs. Inc.*, 918 F.2d 937 (Fed. Cir. 1990) ("[T]he question of registrability of an applicant's mark must be decided on the basis of the identification of goods [as] set forth in the application regardless of what the record may reveal as to the particular nature of an applicant's goods, the particular channels of trade or the class of purchasers to which the sales of goods are directed."). In contrast, this Court applies a multi-factor test to make an infringement determination, evaluating seven factors: (1) strength of the mark alleged to have been infringed; (2) similarity of the infringed and infringing marks; (3) similarity between the goods and services offered under the two marks; (4) similarity of the actual sales methods used by the holders of the marks, such as their sales outlets and customer base; (5) similarity of advertising methods; (6) intent of the alleged infringer to misappropriate the proprietor's good will; and (7) the

existence and extent of actual confusion in the consuming public. *Tana v. Dantanna's*, 611 F.3d 767, 775 (11th Cir. 2010). The analysis undertaken by an Examining Attorney to determine a mark's registrability and that undertaken by this Court to determine whether a mark is infringing are vastly different.

In sum, the Examining Attorney's review of Page Injury's application will not simplify the issues in this case. To the contrary, it will merely add an epicycle of complexity to the process of Page Injury achieving relief and a prompt determination of its rights. Thus, this factor, too, weighs against granting a stay, and Goldshteyn's Motion should be denied.

### 3. *A Stay Would Not Promote Judicial Economy*

Although this case is in early stages, a stay will not promote judicial economy because the Court "is not bound by, nor ought to be persuaded by, a USPTO decision on registration." Therefore, waiting for the Examining Attorney's decision on registrability will have no impact on the Court's determination on the issues of this case, will not impact the scope of discovery, or otherwise save the Court or the parties any time or resources. It will only serve to keep Page Injury under the cloud of Goldshteyn's meritless infringement accusations.

### IV. CONCLUSION

Goldshteyn improperly filed this Motion while in default and made no attempt to explain his failure to file an Answer in this matter before burdening the Court with

this Motion. Moreover, the relevant factors for considering whether to stay proceedings weigh against granting the stay. For these reasons, Page Injury respectfully requests that Goldshteyn's Motion be denied in its entirety.

Respectfully submitted this 30th day of September, 2025.

/s/*Melanie K. Lane*
Kennington R. Groff
GA Bar No.: 782901
Melanie K. Lane
GA Bar No.: 831941
Robin Gentry
GA Bar No.: 289899
Zachary C. Eyster
GA Bar No.: 192335

BEKIARES ELIEZER, LLP
2870 Peachtree Rd. #512
Atlanta, Georgia 30305
Telephone: (404) 537-3686
kgroff@founderslegal.com
mlane@founderslegal.com
rgentry@founderslegal.com
zeyster@founderslegal.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Stay has been prepared in accordance with the font type and margin requirements of LR 5.1, NDGa, using font type of Times New Roman and a point size of 14.

Dated: September 30, 2025 /s/ Melanie K. Lane
Melanie K. Lane

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAGE INJURY LAW, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YAN GOLDSHTEYN, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No.: 1:25-cv-03797-ELR |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY was served on Plaintiff via email on September 30, 2025 to the following:

Yan Goldshteyn
yan@spartanlawcorp.com

/s/Melanie K. Lane
Melanie K. Lane