# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF GEORGIA

## ATLANTA DIVISION

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 09 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

PAGE INJURY LAW, LLC,

    Plaintiff,

vs.

YAN GOLDSHTEYN,

    Defendant

Civ. No. 1:25-cv-03797-ELR

DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

## **DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT**

Pursuant to **Federal Rule of Civil Procedure 55(c)**, Defendant Yan Goldshteyn respectfully moves this Court to set aside the Clerk's Entry of Default entered on September 10, 2025. The default was not the result of willful neglect or dilatory conduct, but rather a procedural irregularity stemming from substitute service while Defendant was out of town -- a confluence of procedural circumstances that merit relief under the liberal standard governing Rule 55(c). Defendant acted promptly upon receiving actual notice, has meritorious defenses

DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

grounded in federal trademark law, and seeks resolution of this matter on the merits – not by procedural technicality.

## I. INTRODUCTION

This action concerns Plaintiff's request for declaratory judgment concerning the enforceability and alleged infringement of Defendant's federally registered trademark, **SPARTAN LAW** (U.S. Reg. No. 5449914). On August 13, 2025, Plaintiff served Defendant via substitute service at his residence while he was out of town (Dkt. 5). The Clerk entered default on September 10, 2025, following Plaintiff's motion filed just one business day earlier (Dkt. 6). Due to the substitute service, Defendant did not receive actual notice of the Complaint until later.

Upon learning of the default, Defendant immediately took steps to participate in the litigation, including filing a Motion to Stay on September 16, 2025 (Dkt. 8) and preparing motion to set aside default. The record reflects Defendant's diligence, good faith, and intent to litigate this matter on its merits.

## II. LEGAL STANDING

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." The Eleventh circuit applies a flexible and equitable standard that favors adjudication on the merits. See *Perez v. Wells*

DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

*Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014); *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Courts routinely grant relief from default where the defendant demonstrates:

. Prompt action to correct the default;

. A meritorious defense;

. Lack of prejudice to the plaintiff; and

. That the default was not the result of willful or culpable conduct.

These factors are not rigidly applied, and courts retain broad discretion to weight the equities. See *Turner Broadcasting Sys., Inc. v. Sanyo Elec.*, 33 F. Supp. 2d 1311, 1316 (N.D. Ga. 1998).

### III. ARGUMENT

#### A. Defendant Did Not Receive Actual Notice Until Much Later

Although Plaintiff filed proof of service indicating substitute service was executed in the morning of August 13, 2025 (Dkt.5), Defendant was out of town at the time and did not receive actual notice of the Complaint until much later. Courts routinely recognize that substitute service resulting in delayed actual notice may constitute good cause under Rule 55(c). See *United Sttes v. One 2000*

DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

*Mercedes Benz,* No. 1:03-cv-3533-WSD, 2004 WL 540441, at *2 (N.D. Ga. Mar. 15, 2004) (setting aside default where defendant did not receive actual notice due to substitute service).

Defendant's delay was not evasive, negligent, or tactical. It was the result of circumstances beyond his control, and he acted promptly upon learning of the default.

### B. Defendant Acted Promptly and In Good Faith

Defendant filed a Motion to Stay on September 15, 2025 (Dkt. 8), less than one week after the default was entered and within days of receiving actual notice. He has since actively participated in the litigation and now seeks to set aside the default to file a responsive pleading. Courts routinely find good cause where the delay is brief, and the defendant acts diligently. See *EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 529 (11th Cir. 1990); *Robinson v. United States,* 734 F. Supp. 2d 21, 25 (D.D.C. 2010) ("Prejudice must involve more than the mere passage of time.").

### C. Defendant Has Meritorious Defenses Grounded in Federal Trademark Law

Defendant owns a federally registered trademark for **SPARTAN LAW**, which has achieved incontestable status under 15 U.S.C. §1065. Plaintiff's

DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Case 1:25-cv-03797-ELR   Document 10   Filed 10/09/25   Page 5 of 20

Case 1:25-cv-03797-ELR        Document 11        Filed 10/06/25        Page 5 of 9

competing mark, **844-SPARTAN**, is currently in the USPTO application process, which has issued a Letter of Protest citing potential confusion under Section 2(d) of the Lanham Act.

Both the USPTO and federal courts apply the **DuPont factors** to assess likelihood of confusion. See *In re E.I. du Pont de Nemours & Co.,* 476 F.2d 1357 (C.C.P.A. 1973) ; *Tana v. Dantanna's,* 611 F.3d 767,775 (11th Cir. 2010). The USPTO's Trademark Manual of Examining Procedure (TMEP §1207.01) instructs examining attorneys to apply these factors when evaluating registrability under Section 2(d). Defendant's defenses – including trademark infringement, likelihood of confusion, and improper declaratory relief – are not only meritorious, but central to the dispute.

Moreover, because Plaintiff filed Form AO 120 on July 9, 2025 (Dkt. 3), Plaintiff may now request **expedited examination** of its application under TMEP § 702.02 due to the pendency of this litigation. The USPTO's decision will materially inform the resolution of this case and supports Defendant's request for a stay.

### D. **Plaintiff Will Not Be Prejudiced**

Plaintiff will suffer no prejudice from setting aside the default. No judgment has been entered, no discovery has commenced, and no scheduling order is in

DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

place. Defendant has not sought injunctive relief, and Plaintiff remains free to operate under its current branding. Any delay has been minimal and procedural, not tactical.

Courts routinely reject claims of prejudice where the litigation is in its infancy and the defaulting party seeks to litigate in good faith. See *Turner Broadcasting,* 33 F. Supp. 2d at 1316 (no prejudice where plaintiff could still litigate claims on the merits); *Robinson,* 734 F. Supp. 2d at 25.

### IV.   CONCLUSION

This Court has broad discretion to set aside procedural defaults and ensure that disputes are resolved on the merits. Defendant respectfully requests that the Court set aside the Clerk's Entry of Default dated September 10, 2025, and permit Defendant to file a responsive pleading. Defendant further requests such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of October, 2025.

_____
Yan Goldshteyn
Principal Attorney
Spartan Law Corporation

DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

## Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on October 6, 2025.

Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this _6th_ day of _October_ 2025, a copy of the foregoing Defendant's Motion To Set Aside Clerk's Entry of Default was filed via mail and served via first class mail to:

BEKIARES ELIEZER, LLP
Attention: Kennington R. Groff
Melanie K. Lane
Zachary C. Eyster
2870 Peachtree Rd. #512
Atlanta GA  30305

                                        Respectfully Submitted,

                                        Yan Goldshteyn
                                        Principal Attorney
                                        Spartan Law Corporation
                                        427 N Canon Dr. Suite 212
                                        Beverly Hills, CA. 90210
                                        Telephone: 323-450-7000
                                        yan@spartanlawcorp.com
                                        *Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

PAGE INJURY LAW, LLC,

Plaintiff,

vs.

YAN GOLDSHTEYN,

Defendant

Civ. No. 1:25-cv-03797-ELR

DECLARATION OF YAN GOLDSHTEYN

### DECLARATION OF YAN GOLDSHTEYN IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

I, Yan Goldshteyn, declare as follows:

1. I am the Defendant in the above-captioned matter and the principal attorney at Spartan Law Corp. I make this declaration in support of my Motion to Set Aside Clerk's Entry of Default. I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

2. On or about August 13, 2025, I was served via substitute service at my personal residence while I was out of town. The summons and complaint were left with my spouse. I did not receive actual notice of the lawsuit until after I came home much later.

3. I immediately took steps to respond to the initiated litigation. I filed a Motion to Stay on September 15, 2025, and began preparing this motion to set aside default.

4. I have not acted in bad faith or with intent to delay these proceedings. My delay in responding was due solely to lack of actual notice, and I have acted promptly and diligently since becoming aware of the lawsuit.

5. I hold a federally registered trademark for SPARTAN LAW (U.S. Reg. No. 5449914), which has achieved incontestable status under 15 U.S.C. § 1065. Plaintiff's competing mark, 844-SPARTAN, is currently under review by the USPTO, which has issued a Letter of Protest citing potential confusion under Section 2(d) of the Lanham Act.

6. I intent to file a responsive pleading and possibly assert meritorious defenses, including trademark infringement, likelihood of confusion, and improper declaratory relief.

DECLARATION IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

7. I respectfully request that the Court set aside the Clerk's Entry of Default and permit me to respond to the Complaint on the merits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 6, 2025.

_____
Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DECLARATION IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

## Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on October 6, 2025.

Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DECLARATION IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Case 1:25-cv-03797-ELR   Document 11-2   Filed 10/06/25   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| PAGE INJURY LAW, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>YAN GOLDSHTEYN,<br><br>Defendant | Civ. No. 1:25-cv-03797-ELR<br><br>[PROPOSED] ORDER |

## [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Before the Court is Defendant Yan Goldshteyn's Motion to Set Aside Clerk's Entry of Default pursuant to Federal Rule of Civil Procedure 55(c). Having considered the motion, the supporting declaration, the record, and applicable law, the Court finds that good cause exists to set aside the default.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Set Aside Clerk's Entry of Default is GRANTED;

2. The Clerk's Entry of Default entered on September 10, 2025 is hereby SET ASIDE;

SO ORDERED this _____ day of _____, 2025.

_____
Honorable Eleanor L. Ross
United States District Judge

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

## Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on October 6, 2025.

_[signature]_

Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Case 1:25-cv-03797-ELR   Document 11-2   Filed 10/06/25   Page 4 of 4

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of October 2025, a copy of the foregoing Proposed Order Granting Defendant's Motion to Set Aside Clerk's Entry of Default was filed via mail and served via first class mail to:

BEKIARES ELIEZER, LLP
Attention: Kennington R. Groff
Melanie K. Lane
Zachary C. Eyster
2870 Peachtree Rd. #512
Atlanta GA  30305

Respectfully Submitted,

_____
Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

Case 1:25-cv-03797-ELR   Document 11-1   Filed 10/06/25   Page 5 of 5

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of October 2025, a copy of the foregoing Declaration of Yan Goldshteyn in Support of Motion to Set Aside Clerk's Entry of Default was filed via mail and served via first class mail to:

BEKIARES ELIEZER, LLP
Attention: Kennington R. Groff
Melanie K. Lane
Zachary C. Eyster
2870 Peachtree Rd. #512
Atlanta GA  30305

Respectfully Submitted,

Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DECLARATION IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT



**UNITED STATES POSTAL SERVICE®** | **PRIORITY® MAIL**

PRIORITY MAIL
POSTAGE REQUIRED



- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

# MAILING ENVELOPE
## FOR DOMESTIC AND INTERNATIONAL USE

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 08 2025

KEVIN P. WEIMER, Clerk
By: Matthew H, Deputy Clerk

CLEARED DATE
OCT 08 2025
U.S. Marshals Service
Atlanta, GA 30303

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

## TRACKED ■ INSURED



PS00000133100

EP14 September 2021
OD: 15 x 11.625



US POSTAGE PAID IMI
2025-10-06
90210
C5025076
Commercial
FLAT RATE ENV

easypost

0901000021922

**USPS PRIORITY MAIL**

SPARTAN LAW
427 N CANON DR STE 212
BEVERLY HILLS CA 90210-4840

0003

C039

SHIP TO: RICHARD B. RUSSELL FEDERAL BUILDING
US COURTHOUSE
75 TED TURNER DR SW
ATLANTA GA 30303-3315



OCT 08 2025
U.S. Marshals Service
Atlanta, GA 30303

**USPS TRACKING #**



9405 5361 0619 4293 7185 66



ORDER FREE SUPPLIES ONLINE

DuPont™ Tyvek®
Protect What's Inside.™



**MAILING ENVELOPE**
FOR DOMESTIC AND INTERNATIONAL USE

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

**TRACKED ▪ INSURED**


PS00000133100

EP14 September 2021
OD: 15 x 11.625

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 4 lbs.