retain broad discretion to manage their dockets, including the authority to entertain motions to stay even when default has been entered. See *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its docket…").

Defendant's motion was filed within days of the default entry and before any substantive litigation activity. Defendant intends to move to set aside the default under Fed. R. Civ. P. 55(c), and the requested stay would preserve judicial resources while the USPTO evaluates the pending trademark application that lies at the heart of this dispute. Plaintiff cites no authority holding that a clerk's default forecloses a motion to stay, nor does it identify any prejudice from allowing the Court to consider the motion on its merits.

## II. Defendant's Response Was Delayed Due to Substitute Service While Out of Town

Plaintiff's opposition fails to acknowledge that Defendant was served via a substitute service at his personal residence while he was out of town. The summons and complaint were left with Defendant's spouse, and Defendant did not receive actual notice of the lawsuit until much later. While service may have been technically sufficient under Fed. R. Civ. P. 4(e)(2)(B) and Georgia law, the circumstances contributed to the delay in filing Defendant's responsive pleadings.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY

Courts routinely recognize that substitute service resulting in delayed actual notice may constitute excusable neglect or good cause under Rule 55(c). See *United States v. One 2000 Mercedes Benz,* 2004 WL 540441, at *2 (N.D. Ga. Mar. 15, 2004) (setting aside default where defendant did not receive actual notice due to the substitute service).

### III. Plaintiff's Counsel's Email Was Not Received by Defendant

Plaintiff asserts that Defendant failed to acknowledge an August 29, 2025 email in which Plaintiff's counsel allegedly declined to consent to a stay. Defendant respectfully states that he never received this email. While Plaintiff's Exhibit 2 purports to show that the message was sent, Defendant did not receive it and was unaware of its contents until Plaintiff filed its opposition brief. Defendant has consistently acted in good faith and communicated promptly through this matter. The absence of a response to an email that was never received should not be construed as neglect or misrepresentation.

### IV. The USPTO's Pending Decision Is Highly Relevant and Will Simplify the Issues

Plaintiff argues that the USPTO's decision on its 844-SPARTAN trademark application is irrelevant to this litigation. That assertion is both legally and factually incorrect. The USPTO has already issued a Letter of Protest

Memorandum indicating that Plaintiff's mark may be refused under Section 2(d) of the Lanham Act due to a likelihood of confusion with Defendant's registered SPARTAN LAW mark. This administrative determination is directly relevant to the central issue in this case: whether Plaintiff's mark infringes Defendant's trademark rights.

While USPTO decisions are not binding on district courts, they are routinely considered as persuasive authority. See:

. *Syntex Labs., Inc. v. Norwich Pharmacal Co.,* 437 F.2d 566, 568 (2d Cir. 1971) ("The Patent Office's refusal to register a mark because of likelihood of confusion is entitled to great weight.").

. *Goya Foods, Inc. v. Tropicana Prods., Inc.,* 846 F.2d 848, 853-54 (2d Cir. 1988) (USPTO findings on confusion are relevant and may simplify litigation).

. *Vintage Wine Estates Trademark Litig.,* No. 3:21-cv-01532, 2021 WL 1200097, at *3 (N.D. Cal. Mar. 29, 2021) (granting stay pending USPTO review because "the PTO's decision will likely simplify the issues before the Court").

### V.     Both the USPTO and Federal Courts Apply the DuPont Factors to Assess Confusion

Plaintiff attempts to draw a distinction between the USPTO's registrability analysis and the Court's infringement analysis. In reality, both the USPTO and

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY

federal courts apply the same foundational test: the **DuPont factors**, established in *In re E.I. du Pont de Nemours & Co.,* 476 F.2d 1357 (C.C.P.A. 1973). These factors guide both administrative and judicial determinations of whether two marks are confusingly similar.

The USPTO's Trademark Manual of Examining procedure (TMEP) § 1207.01 instructs examining attorneys to apply the DuPont factors when assessing likelihood of confusion under Section 2(d). The TMEP provides:

> "The determination of likelihood of confusion under §2(d) is made on a case-by-case basis and involves consideration of all evidence bearing on the issue. The factors set forth in a *In re E.I. du Pont de Nemours & Co.,* 476 F.2d 1357 (C.C.P.A. 1973), guide the analysis."

Similarly, the Eleventh Circuit applies the DuPont framework in trademark infringement cases. See *Tana v. Dantanna's,* 611 F.3d 767,775 (11th Cir. 2010) (listing seven factors derived from DuPont to assess likelihood of confusion). Because both the USPTO and this Court rely on the same analytical framework, the USPTO's pending decision is not only relevant, it is directly probative of the core legal question in this case.

## VI. Plaintiff Will Not Be Prejudiced by a Temporary Stay

Plaintiff claims that a stay would cause irreparable harm to its business, yet fails to identify any concert injury beyond speculative disruption. Plaintiff remains

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY

free to operate under its current branding during the stay, and Defendant has not sought injunctive relief or enforcement action in this Court. The alleged harm is self-inflicted: Plaintiff chose to adopt a mark that closely resembles defendant's registered trademark even after Plaintiff was put on notice of the similarities and the actual confusion that was already created in the market, and then filed suit seeking declaratory relief before the USPTO could complete its review.

Courts routinely reject claims of prejudice where the stay is brief, the litigation is in its early stages, and the administrative process is likely to clarify key issues. See *Tomco Equip. Co. v. SE Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008).

### VII. The Case Is In Its Infancy and Judicial Economy Strongly Favors a Stay

No answer has been filed, no discovery has commenced, and no scheduling order has been entered. This case is in its earliest phase, and a stay would preserve judicial resources while allowing the USPTO to complete its analysis. Courts have consistently held that early-stage litigation is the most appropriate time to grant a stay. See *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY

Proceeding now would risk inconsistent outcomes, duplicative litigation, and unnecessary expense. A brief stay would allow the parties and the Court to benefit from the USPTO's expertise and avoid premature adjudication of complex trademark issues.

### VIII. Plaintiff May Request Expedited Review of Its Trademark Application

Because Form AO 120 has already been filed in this case, Plaintiff is eligible to request that the USPTO **make its trademark application special** and expedite examination. The USPTO permits applicants to request special status under **Trademark Manual of Examining Procedure (TMEP) § 702.02**, where litigation is pending involving the applied-for mark. This mechanism allows the USPTO to prioritize review and issue a decision more quickly, thereby reducing delay and uncertainty for both parties.

Plaintiff's ability to seek expedited review further supports Defendant's request for a stay. Rather than litigating the issue prematurely, the parties and the Court can benefit from the USPTO's expert determination on whether Plaintiff's mark is confusingly similar to Defendant's registered trademark.

### IX. Conclusion

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY

For the foregoing reasons, Defendant respectfully requests that the Court grant the Motion to Stay and suspend all proceedings until the USPTO has issued a final determination on Plaintiff's trademark application.

Respectfully submitted this 6th day of October, 2025.

                                                Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY

## Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on October 6, 2025.

Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of October 2025, a copy of the foregoing Defendant's Reply in Support of Motion to Stay was filed via mail and served via first class mail to:

> BEKIARES ELIEZER, LLP
> Attention: Kennington R. Groff
> Melanie K. Lane
> Zachary C. Eyster
> 2870 Peachtree Rd. #512
> Atlanta GA  30305

Respectfully Submitted,

_____
Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| PAGE INJURY LAW, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>YAN GOLDSHTEYN,<br><br>    Defendant | Civ. No. 1:25-cv-03797-ELR<br><br>DECLARATION OF YAN GOLDSHTEYN |

### DECLARATION OF YAN GOLDSHTEYN IN SUPPORT OF MOTION TO STAY PROCEEDINGS

I, Yan Goldshteyn, declare as follows:

1. I am the Defendant in the above-captioned matter and the principal attorney at Spartan Law Corp. I submit this declaration in support of my Motion to Stay Proceedings pending resolution of Plaintiff's trademark application before the United States Patent and Trademark Office ("USPTO").

2. Plaintiff Page Injury Law, LLC has filed a federal trademark application for the mark **844-SPARTAN**, which is currently pending before the

DECLARATION IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

2. USPTO. That application is the subject of a **Letter of Protest** submitted by me, citing my prior registration of the mark **SPARTAN LAW.**

3. On August 29, 2025, the USPTO issued a **Letter of Protest Memorandum**, confirming that the examining attorney has received and will consider the evidence submitted in the Letter of Protest. The USPTO's determination will directly affect the registrability of Plaintiff's mark and the scope of any rights it may claim.

4. Plaintiff's Complaint seeks declaratory relief regarding its right to use the 844-SPARTAN mark. However, the USPTO has not yet ruled on the application, and any judicial determination at this stage risks conflicting with the administrative outcome.

5. A temporary stay of proceedings will allow the USPTO to complete its review and may narrow or resolve the issues raised in this litigation. It will also conserve judicial resources and avoid unnecessary litigation over a mark that may ultimately be refused registration.

6. I respectfully request that the Court stay all proceedings in this matter pending final action by the USPTO on Plaintiff's trademark application.

DECLARATION IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 6, 2025.

_____
Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DECLARATION IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

## Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on October 6, 2025.

_____

Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DECLARATION IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of October 2025, a copy of the foregoing Declaration of Yan Goldshteyn in Support of Motion to Stay Proceedings was filed via mail and served via first class mail to:

> BEKIARES ELIEZER, LLP
> Attention: Kennington R. Groff
> Melanie K. Lane
> Zachary C. Eyster
> 2870 Peachtree Rd. #512
> Atlanta GA  30305

Respectfully Submitted,

_____
Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

DECLARATION IN SUPPORT OF MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| PAGE INJURY LAW, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>YAN GOLDSHTEYN,<br><br>    Defendant | Civ. No. 1:25-cv-03797-ELR<br><br>[PROPOSED] ORDER |

## [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS

This matter is before the Court on Defendant Yan Goldshteyn's Motion to Stay Proceedings (Dkt. 8), pending resolution of Plaintiff's trademark application currently filled with the United States Patent and Trademark Office ("USPTO"). Having reviewed the motion, the record, and applicable law, the Court finds that a stay is warranted in the interest of judicial economy and to avoid inconsistent adjudication of overlapping trademark issues.

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO STAY

Specifically, the USPTO's pending determination regarding Plaintiff's application for the mark 844-SPARTAN, subject to a Letter of Protest citing Defendant's registered mark SPARTAN LAW, will materially affect the issues raised in this litigation. A temporary stay will allow the USPTO to complete its administrative review and may narrow or resolve the parties' dispute without further judicial intervention.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Stay Proceedings is GRANTED;

2. All deadlines and proceedings in this matter are STAYED pending final action by the USPTO on Plaintiff's trademark application;

3. The parties shall file a joint status report every ninety (90) days to update the Court on the status of the USPTO proceedings;

4. Either party may move to lift the stay upon resolution of the USPTO action or upon a sowing of good cause.

SO ORDERED this _____ day of _____, 2025.

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO STAY

Honorable Eleanor L. Ross
United States District Judge

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO STAY

## Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on October 6, 2025.

_____

Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*

PROPOSED ORDER GRANTING DEFENDANT'S MOTION TO STAY

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of October 2025, a copy of the foregoing Proposed Order Granting Defendant's Motion to Stay Proceedings was filed via mail and served via first class mail to:

BEKIARES ELIEZER, LLP
Attention: Kennington R. Groff
Melanie K. Lane
Zachary C. Eyster
2870 Peachtree Rd. #512
Atlanta GA  30305

Respectfully Submitted,

Yan Goldshteyn
Principal Attorney
Spartan Law Corporation
427 N Canon Dr. Suite 212
Beverly Hills, CA. 90210
Telephone: 323-450-7000
yan@spartanlawcorp.com
*Defendant*