IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PAGE INJURY LAW, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: 1:25-cv-03797-ELR |
| v. | ) |
| | ) |
| YAN GOLDSHTEYN, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **DECLARATION OF ROBIN L. GENTRY**

Pursuant to 28 U.S.C. §1746, I, Robin L. Gentry, make this declaration under penalty of perjury as follows:

1. My name is Robin L. Gentry. I am over the age of 18 years, and I am competent in all respects to testify regarding the matters set forth herein.

2. I am an attorney licensed to practice law in the state of Georgia since 2001. I am an attorney, Senior Counsel, with Bekiares Eliezer, LLP dba Founders Legal and represent Plaintiff Page Injury Law, LLC in this matter.

3. On August 29, 2023 I received an email from Zachery C. Eyster, a Partner at Bekiares Eliezer, which replied to email from Nadia Gueorguieva Semerdjieva.

4. I printed that email from my inbox to use as Exhibit 2 to Page Injury's Opposition to Mr. Goldshteyn's Motion to Stay.

5. A true and correct copy of that email is filed at Docket 9-2.

6. At pages 3-4 of Mr. Goldshteyn's Motion to Set Aside Default, he cites *United Sttes v. One 2000 Mercedes Benz, No.* 1:03-cv-3533-WSD, 2004 WL 540441, at *2 (N.D. Ga. Mar. 15, 2004).

7. On October 15, 2025, I input the citation "2004 WL 540441" into Westlaw to pull up the *One 2000 Mercedes Benz* case.

8. Westlaw returned a different case, *Usha (India), Ltd v. Honeywell International, Inc.,* No. 03 cv. 0494, 2004 WL 540441 (S.D.N.Y. March 17, 2024).

9. I downloaded the *Usha* case from Westlaw. A true and correct copy of the downloaded case is attached to Page Injury's Opposition to Motion to Set Aside Default as Exhibit 1.

10. I searched Westlaw using the case name "*United Sttes v. One 2000 Mercedes Benz.*" That search returned no cases.

11. I searched Westlaw using the case name case name "*United States v. One 2000 Mercedes Benz*. That search returned serval cases, but none were located in the Northern District of Georgia, and none had a date of March 17, 2024.

12. On October 15, 2025, I searched the Northern District of Georgia Pacer System to try to find the *United Sttes v. One 2000 Mercedes Benz, No.* 1:03-

cv-3533-WSD, 2004 WL 540441, at *2 (N.D. Ga. Mar. 15, 2004) cited by Mr. Goldshteyn.

13. I input the case number, 1:03-cv-3533-WSD, which located *Directv v. Lois,* No. 1:03-cv-03533-JOF. I downloaded the Docket Report for the *Directv* case. A true and correct copy of the docket report for the *Directv* case is attached to Page Injury's Opposition to Motion to Set Aside Default as Exhibit 2.

14. On October 20, 2025, I returned to the Northern District of Georgia Pacer System and searched for the case by case name "One 2000 Mercedez Benz".

15. That search revealed two cases. A true and correct copy of the search results is attached to Page Injury's Opposition to Motion to Set Aside Default as Exhibit 3.

16. The first case returned by the Pacer System was *United States v. One 2000 Mercedes Benz,* 1:02-cv-01132-TWT.

17. Based on the Docket Report, Judge Thrash did not issue an order on a motion to set aside default. A true and correct copy of that Docket Report is attached to Page Injury's Opposition to Motion to Set Aside Default as Exhibit 4.

18. The second case returned by the Pacer System was *United States v. $3,000.000 in United States Currency,* 1:05-cv-1432-GET.

19. Based on the Docket Report, Judge Tidwell did not issue an order on a motion to set aside default.

20. I downloaded a copy of the Docket Report for Judge Tidwell's case. A true and correct copy of that Docket Report is attached to Page Injury's Opposition to Set Aside Default as Exhibit 5.

21. On October 15, 2025, I searched Westlaw for the case cited on page 3 of Mr. Goldshteyn's Motion to Set Aside Default: *Turner Broadcasting Sys., Inc. v. Sanyo Elec.*, 33 F. Supp 2d 1311, 1316 (N.D. Ga. 1998).

22. Westlaw returned a different case: *Pearson v. City of Manhattan,* 33 F. Supp. 2d 1306 (D. Kan. 1999).

23. I returned to Westlaw on October 20, 2025 and performed the same search. Westlaw, again, returned the *Pearson* case.

24. I downloaded the case on October 20, 2025. A true and correct copy of *Pearson v. City of Manhattan,* 33 F. Supp. 2d 1306 (D. Kan. 1999) is attached to Page Injury's Opposition to Motion to Set Aside Default as Exhibit 6.

25. On October 15, 2025, I searched Westlaw for the case *Vintage Wine Estates Trademark Litig.*, No. 3:21-cv-01532, 2021 WL 1200097, at *3 (N.D. Cal. Mar. 29, 2021) cited by Mr. Goldshteyn on page 3 of his Reply in Support of Motion to Stay (Dkt. 11).

26. The citation 2021 WL 1200097 did not return any cases having that citation.

27. On October 15, 2025, I went to the Northern District of California's Pacer System in a further effort to locate the case.

28. My search for 21-1532 did not return any cases. A true and correct copy of the search results is attached to Page Injury's Opposition to Motion to Set Aside Default as Exhibit 7.

29. I searched for the name "vintage wine." That search resulted in 11 cases. I reviewed the cases in which Vintage Wine Estates was listed as a plaintiff and determined that none of them was a match for the case cited in Mr. Goldshteyn's Reply Brief.

30. On October 20, 2025, I returned to the Northern District of California Pacer System and again performed a search for the case name "vintage wine." The system again returned 11 cases.

31. When I used the first link for which Vintage Wine Estates was listed as a plaintiff, the system returned *Vintage Wine Estates, Inc. v. Cohn et al,* 5:16-cv-00988-EJD, which was a trademark infringement case.

32. According to the Docket Report, the Judge did not issue an order on a Motion to Stay. A true and correct copy of the Docket Report for *Vintage Wine Estates, Inc. v. Cohn* is attached to Page Injury's Opposition to Motion to Set Aside Default as Exhibit 9.

33. When I used the second link in which Vintage Wine Estates was listed as a plaintiff, the system returned 2 cases: *Vintage Wine Estates, Inc. v. Royal & Sun Alliance Insurance,* 3:20-cv-00101-MMC, an insurance contract case and *Kunde Enterprises, Inc v. National Surety Corp.,* 4:19-cv-06636-JSW. A true and correct copy of that report is attached to Page Injury's Opposition to Motion to Set Aside Default as Exhibit 10.

34. According to the Docket Report for *Vintage Wine Estates, Inc. v. Royal & Sun Alliance Insurance,* the judge did not issue an order on a motion to stay. A true and correct copy of the Docket Report for *Vintage Wine Estates, Inc. v. Royal & Sun Alliance Insurance,* is attached to Page Injury's Opposition to Motion to Set Aside Default as Exhibit 11.

35. According to the Docket Report for *Kunde Enterprises, Inc v. National Surety Corp.,* Vintage Wine Estates was a co-plaintiff.

36. According to the Docket Report for *Kunde Enterprises, Inc v. National Surety Corp.,* the Judge did not issue an order on a motion to stay.

37. A true and correct copy of the Docket Report for *Kunde Enterprises, Inc v. National Surety Corp.,* is attached to Page Injury's Opposition to Motion to Set Aside Default as Exhibit 12.

38. On October 20, 2025, I visited the Spartan Law Corporation website's "about" page, < https://spartanlawcorp.com/about>. A true and correct copy

of that webpage is attached to Page Injury's Opposition to Motion to Set Aside Default as Exhibit 13.

I declare under penalty of perjury that the foregoing is true and correct.

Executed within the United States on October 20, 2024.

<u>/s/Robin L. Gentry</u>  
Robin L. Gentry