**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

PAGE INJURY LAW, LLC,　　　　*
　　　　　　　　　　　　　　*
　　　　Plaintiff,　　　　　　*
　　　　　　　　　　　　　　*
　　　　v.　　　　　　　　　*　　　1:25-CV-03797-ELR
　　　　　　　　　　　　　　*
YAN GOLDSHTEYN,　　　　　*
　　　　　　　　　　　　　　*
　　　　Defendant.　　　　　*
　　　　　　　　　　　　　　*

_____

**ORDER**

_____

This case is before the Court on several pending motions. [Docs. 8, 10, 17, 18].

This action seeks a declaratory judgment of trademark unenforceability and non-infringement of Defendant's federally registered "SPARTAN LAW" mark. Defendant Yan Goldshteyn seeks to stay the case pending the issuance of an opinion by the United States Patent and Trademark Office (USPTO) over a Letter of Protest Memorandum issued to the USPTO attorney examining Plaintiff Page Injury Law, LLC's trademark application for the mark "844-SPARTAN." [Doc. 8]. Defendant also moves to set aside default, [Doc. 10], and requests CM/ECF filing access, [Doc. 17]. For its part, Plaintiff moves for oral argument on the motion to set aside

default. [Doc. 18]. Each of these motions is ripe, and the Court addresses them below, beginning with the motion to set aside default.

Plaintiff filed the Complaint on July 9, 2025. Compl. [Doc. 1]. On August 13, 2025, Plaintiff served the summons and Complaint on Defendant by leaving them at his residence with an individual who identified herself as Defendant's wife. [Doc. 5]. Defendant was required to answer or file a Rule 12(b) motion September 5, 2025. See Fed. R. Civ. P. 6(a), 12(a)(1)(i), 12(b). Defendant defaulted by not filing a timely answer or a Rule 12(b) motion, and following Plaintiff's motion, on September 10, 2025, the Clerk entered default. Five days later, on September 10, 2025, Defendant moved to stay. Inexplicably, Defendant did not move to set aside his default at that time; instead, he waited until October 9, 2025, over a month after his default, to request that the Court set aside default. Defendant asserts that he did not receive actual notice of the Complaint when it was served because he was out of town and that he acted promptly to participate in this litigation within days of his actual notice. [Doc. 10].

Plaintiff opposes the motion, arguing that Defendant had timely notice as shown by the fact that an attorney named Nadia Gueorguieva Semerdjieva contacted Plaintiff's counsel on behalf of Defendant regarding this action a week after Defendant was served. Decl. of Zachery C. Eyster ¶¶ 3–7 [Doc. 14-1]; [see also Doc. 9-2]. Plaintiff also contends that the setting aside of default is not supported by

good cause because Defendant, an attorney admitted to practice in the Central District of California, has not provided a plausible reason for his default, did not promptly move to open default, and has not indicated that he has a meritorious defense. [See generally Doc. 14].

Defendant maintains that his default was not willful and that he acted promptly to set aside the default. Defendant's wife has submitted a declaration stating that she did not appreciate the significance of the package she accepted on August 13, 2025, and did not share the contents with her husband until around August 20, 2025. Decl. of Maryna Goldshteyn ¶ 2–4 [Doc. 15-1]. And Defendant represents that after receiving notice of the lawsuit around August 20, 2025, when Ms. Semerdjieva contacted Plaintiff's counsel, he attempted but failed to secure local counsel to represent him in this action and, ultimately, filed a *pro se* motion to stay the case. Decl. of Yan Goldshteyn ¶¶ 2–5 [Doc. 15-3]. He also argues that he intends to defend against the entry of a declaratory judgment on the grounds that, among other things, Plaintiff's mark is confusingly similar to Defendant's mark and, because both are used to offer legal services, the use of Plaintiff's mark is likely to increase the likelihood of confusion. [Doc. 15 at 7].

A court may set aside default for "good cause." Fed. R. Civ. P. 55(c). But "good cause" is not a fixed standard; rather, it is situation dependent. SEC v. Johnson, 436 F. App'x 939, 945 (11th Cir. 2011). The following non-exhaustive

3

factors inform the "good cause" analysis in the context of default: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." Id. But where a "party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id. "Though the Eleventh Circuit has a strong preference for determining cases on the merits, the decision to set aside an entry of default is ultimately within the discretion of the district court." U.S. SEC v. Craig, No. 18-CV-4539, 2021 U.S. Dist. LEXIS 260749, at *2 (N.D. Ga. Aug. 9, 2021).

The Court is not persuaded that in failing to timely answer, Defendant intentionally or recklessly disregarded this proceeding. The Court accepts that, although Defendant was properly served, there was about a week-long delay before he became aware of the suit. At that point, his attorney contacted Plaintiff's counsel and expressed Defendant's intent to seek a stay. That action displays Defendant's intent to engage with this proceeding. It appears that Defendant's actions with regard to this suit were also delayed because he sought local representation. Defendant does not explain why he sought to stay the case without also seeking to set aside his default. Nevertheless, the fact that he acted within five days of his default to indicate

4

his intent to defend this suit supports the inference that Defendant's failure to answer was not willful or intentional. That Defendant sought to lift default relatively promptly (within 34 days of his failure to answer) also supports his lack of intentional or willful disregard.

Moreover, Plaintiff does not argue, and the Court perceives no basis to find, that setting aside default will prejudice Plaintiff. And Defendant has identified certain meritorious defenses. In all, considering the very early stage of this litigation and the *strong* preference for resolving cases on their merits, the Court finds that good cause supports the setting aside of Defendant's default.[1] As such, Defendant's motion is due to be granted. Moreover, in deciding the motion to set aside, the Court considered Plaintiff's request for oral argument on the issue but determined that oral argument is unnecessary, and thus the motion, [Doc. 18], is due to be denied.

As to Defendant's motion to stay, Defendant argues that a stay is appropriate here because a Letter of Protest Memorandum has issued in Plaintiff's pending trademark application for 844-SPARTAN apprising the USPTO examining attorney of evidence relevant to refusing the registration of Plaintiff's application based on

---

[1] Plaintiff raises concerns over Defendant's legal citations, representing that counsel could not locate several of the cases Defendant cites in his briefs. [Doc. 14 at 9, 17–18]. Defendant brushes aside these concerns as a "distraction from the merits and legally immaterial," and offers no explanation for the apparently "hallucinated" case law. [Doc. 15 at 8–9]. Defendant's attempt to minimize the gravity of presenting arguments before the Court supported by citations to nonexistent cases is not well taken. The Court cautions Defendant that he must ensure that his filings do not contain any such "typographical errors" and "clerical mistakes" going forward.

the likelihood of confusion with Defendant's registered mark. [Doc. 8]. Plaintiff opposes the stay motion, arguing that it will be unduly prejudiced by a stay because Defendant has threatened a trademark infringement suit and demanded that it change its trademark. [Doc. 9 at 4]. It further asserts that a stay will not simplify the issues or promote judicial economy because the Court is not bound by the USPTO's decisions and a decision about registrability is not dispositive as to infringement, especially as registrability is addressed under a different standard. [Id. at 6–8].

"A district court has 'broad discretion to stay proceedings as incident to its power to control its own docket.'" Primerica, Inc. v. How Money Works, LLC, No. 21-CV-01613, 2021 U.S. Dist. LEXIS 273146, at *5 (N.D. Ga. July 7, 2021) (quoting Clinton v. Jones, 520 U.S. 681, 706 (1997)). To determine whether to grant a stay, "courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date has been set." Id. at *6. Here, these factors support a stay of this case pending the USPTO's decision on Plaintiff's trademark application. While the Court may not be bound by the USPTO's determination as to a likelihood of confusion between Plaintiff's and Defendant's trademarks, that decision is likely to shed light on Plaintiff's claim for a declaratory judgment of non-infringement and, correspondingly, on Defendant's likelihood of confusion defense. Plaintiff also fails

to identify any *undue* prejudice due to a stay. It has already addressed Defendant's threatened infringement suit and cease and desist demand by filing this preemptive action. Finally, the fact that this case is in its infancy weights in favor of a stay. Accordingly, the Court shall stay this case pending the USPTO's determination.

Next, the Court turns to Defendant's request to be granted CM/ECF filing rights. Defendant represents that he is a duly licensed attorney and can comply with CM/ECF procedures. [Doc. 17]. He maintains that he does not have access to counsel admitted to this Court's bar. [Id.] This Court restricts e-filing access to attorneys admitted to practice before this Court or those appearing *pro hac vice* and requires any *pro se* litigant who is not admitted to the Bar of this Court to file all documents in paper form. See LR App-H-2, H-3, HB-7, NDGa. Defendant fails to explain why he is unable to engage local counsel to assist with filings and with obtaining *pro hac vice* status. Accordingly, Defendant's motion for e-filing access is due to be denied.

For the above-discussed reasons, the Court **GRANTS** Defendant's Motion to Set Aside Clerk's Entry of Default, [Doc. 10], and Motion to Stay, [Doc. 8]. Accordingly, the Court **STAYS** this action pending a final decision by the USPTO as to the registrability of Plaintiff's trademark in view of Defendant's registered mark. The Court **DENIES** Defendant's Motion to Request CM/ECF Filing Rights,

[Doc. 17], and Plaintiff's Request for Oral Argument Regarding Defendant's Motion to Set Aside Default, [Doc. 18].

Finally, the Court **DIRECTS** the Clerk to administratively close this action. The Parties may move to reopen the case and lift the stay within **14 DAYS** of the USPTO's final decision. Defendant **SHALL** file his response to the Complaint within **14 DAYS** of the Court's order lifting the stay

**SO ORDERED**, this 10th day of December 2025.

_Eleanor L. Ross_
Eleanor L. Ross
United States District Judge
Northern District of Georgia